## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

ROY TAILORS UNIFORM CO., INC.,   :
                            :
      Plaintiff,                :      **CASE NO. 1:04-CV-683**
                            :
vs.                           :      **JUDGE SANDRA S. BECKWITH**
                            :
TASER INTERNATIONAL, INC.,    :      **MAG. JUDGE TIMOTHY HOGAN**
                            :
      Defendant.              :

## AGREED PROTECTIVE ORDER

The confidential records maintained by TASER International, Inc. ("TASER"), and Plaintiff, Roy Tailors Uniform Co., Inc. ("RTUC"), pursuant to Federal Civil Procedure Rule 26(c) because they contain confidential information, including but not limited to research, development, or commercial information and/or proprietary business information and/or trade secrets, shall be made available to Counsel for the parties for the sole purpose of this action. Such records may be used at trial consistent with the rules of evidence and may be made available to the Court and the Jury for review, but shall otherwise be kept confidential and under seal. *Except as otherwise provided in this Order, no party, counsel of record, or juror in this case shall disclose such records or the contents thereof, by any means whatsoever, to any other person or entity for any purpose, without the prior written permission of this Court. Until such time as the Court grants its written permission for such disclosure, such*

*records shall remain confidential, and are not subject to disclosure as public records.*

Therefore, in order to proceed with discovery and trial in an expeditious manner and to preserve and protect the confidential nature of the information maintained by TASER and RTUC, it is herein **ORDERED** that:

1.  Disclosure of any information produced or to be produced (including deposition testimony), by TASER and RTUC, concerning their records, documents, notes, memos, emails, recordings or materials of any kind regarding the claims and defenses are confidential pursuant to Civil Rule 26(c) and shall be considered "confidential documents" subject to the provisions of this Order. If either party objects to the designation of a document as "confidential," the party producing the shall have the burden of establishing good cause for the designation of the document as "confidential."

2.  The confidential documents produced or to be produced by TASER and RTUC, Inc., and the information contained therein, shall be used solely and exclusively for the purpose of, and in connection with, the preparation for and trials (or appeals, if any) of the above-captioned litigation. Such confidential documents, deposition testimony and other discovery information produced by TASER and RTUC and information contained herein, shall be kept strictly confidential and shall not be made publicly available to anyone without court approval except as specifically provided herein.

3.  Current and former TASER and RTUC employees shall respond to the parties' discovery efforts in compliance with this Order.

4.      Counsel for the parties shall neither make nor permit to be made, in whole or in part, copies of such confidential documents or depositions except as necessary by such counsel for a purpose set forth in this Order.

5.      The confidential documents and depositions, or information contained therein, may be disclosed only to the following persons and only in accordance with the terms of this Order:

a)      the attorneys working on this action on behalf of the parties, and their employees, including paralegal assistants, stenographic, clerical and other employees working under the strict supervision of the parties' counsel. All such personnel shall be informed of the confidential nature of the documents and must agree to keep the documents confidential;

b)      any person not employed by the parties who is expressly retained or sought to be retained by any attorney for the parties to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

c)      the parties;

d)      any person from whom testimony is taken, except that such person may only be shown such documents during his testimony or preparation therefore, and may not retain any such confidential documents;

e)      the Court; and

3

        f)      any other attorney whom the parties or their counsel may consult concerning this litigation.

Any disclosure to any person listed in ¶ 5 shall be accompanied by a copy of this Order and each person shall agree to keep the documents confidential in accordance with this Order.

      6.      Counsel for the parties shall keep all copies, except those submitted to the Court (as provided in ¶ 7 herein), within their personal possession or custody or at their place of business except when necessary to take documents to and from court proceedings and depositions, to meet with witnesses, or to take documents to a printer or copying service for making copies, printing briefs, arranging an appendix or binding, in connection with this litigation.

      7.      If any party files any confidential document or deposition with the Court in connection with any pleading, the parties shall file such document or deposition under seal. If a party uses any confidential document or deposition at trial as an exhibit, that party shall notify the Court that such item is confidential as defined in this Order, and shall request that the Court keep such item under seal. This Order does not interfere with or limit the parties' right to use such information in this case during the trial (or appeals, if any) of the above-captioned litigation.

      8.      Within sixty (60) days of the termination of the above-captioned litigation, including any appeals, the parties shall return to TASER and RTUC, respectively, all

confidential documents produced by TASER and RTUC, respectively, including all copies thereof, or in the alternative, destroy said documents by shredding or equivalent process and shall give written notice, signed by counsel, certifying that all documents have been destroyed in a confidential manner.

9. This Order is without prejudice to the right of TASER and RTUC to object to or oppose any pending or future discovery request or motion, or to move for a protective order under the Federal Rules of Civil Procedure on any applicable ground, including the confidentiality of the material or information sought to be discovered. The parties may further petition the Court for good cause to review TASER or RTUC's determination that any particular document or testimony is confidential.

10. The terms of this Order shall survive and remain in full force and effect after the termination of the above-captioned litigation.

**IT IS SO ORDERED.**

_____
MAGISTRATE JUDGE HOGAN

5

APPROVED FOR ENTRY:

s/Lynnette Pisone Ballato
Lynnette Pisone Ballato (0056455), Trial Counsel
lballato@nesubashi.com
Tabitha Justice (0075440), Co-Trial Counsel
tjustice@nesubashi.com
SUBASHI, WILDERMUTH & BALLATO
The Oakwood Building
2305 Far Hills Avenue
Dayton, OH  45419
(937) 534-0500
(937) 534-0505  (fax)
*Attorneys for Defendant, Taser International, Inc.*

s/James F. McCarthy
James F. McCarthy, III.
jmccarthy@katzteller.com
Katz, Teller, Brant & Hild
255 East Fifth Street, Suite 2400
Cincinnati, OH 45202
(513) 721-4532
(513) 762-0006  (fax)
*Attorney for Plaintiff*